Filed 11/5/24  In re F.P. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re F.P. et al., Persons Coming Under the Juvenile Court Law. | B326142 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP04043A-B) |
| Plaintiff and Respondent, | |
| v. | |
| F.P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Dismissed.

William Safford, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

————————————

F.P. (Father) appeals from the juvenile court's order declaring children F.P., Jr., (age 10) and Melanie P. (age 7) dependents of the court under Welfare and Institutions Code section 300, subdivisions (a) and (b)(1).[1]  The children's mother, Evelyn P. (Mother), did not appeal, and the children have since been returned to Father's custody.  Even if we were to reverse the jurisdiction findings that Father challenges, the juvenile court would have jurisdiction over the children by virtue of unchallenged findings involving Mother.  Father has not otherwise "demonstrated a specific legal or practical consequence that would be avoided upon reversal of the challenged findings." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).)  Because we cannot grant Father effective relief, the appeal is moot.  Further, we decline to exercise our discretion to consider Father's moot appeal on its merits, and thus we dismiss it.

## PROCEDURAL BACKGROUND

On October 13, 2022, the Los Angeles County Department of Family and Children Services (the Department) filed a dependency petition on behalf of the two children.

Following a jurisdiction hearing, the juvenile court sustained two counts as to both Mother and Father under section 300, finding the parents' conduct endangered the children's physical health and safety and placed them at risk of serious harm.  Specifically, the court found true that (1) Mother and her male companion had a history of violent altercations, and Father knew of, but failed to protect the children, from the violent conduct (counts a-1 and b-1); and (2) Mother had a history of

_____

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

2

substance abuse, including current abuse of cocaine and alcohol, and Father knew of her substance abuse but failed to protect the children (count b-2).

The court also sustained two allegations solely as to Mother's endangering conduct: first, in allowing her male companion to reside in the home with unlimited access to the children notwithstanding his substance abuse problems (count b-3); and second, in allowing her male companion both to drive the children while he was under the influence of alcohol, and then later leave the children at a park while Mother was unresponsive and required medical attention (count b-4). The court dismissed one count alleging Mother and Father had a history of violent altercations with each other, and another count alleging Mother failed to make an appropriate plan for the children's ongoing care and supervision.[2]

With respect to the disposition, Father requested return of the children to him, or in the alternative, unmonitored visitation. The court ordered the children removed from both parents' physical custody. The children were placed with their maternal grandmother. The court granted Father unmonitored day visits. The court also ordered reunification services for both parents. Father's case plan included a 52-week batterer's intervention program, random and on-demand drug and alcohol testing, and conjoint counseling with the children.

Father timely appealed. Mother did not appeal.

At both the six-month review hearing on July 31, 2023, and the 12-month review on March 13, 2024, the juvenile court

---

[2] Because we dismiss the appeal on mootness grounds, it is unnecessary to discuss the facts underlying the juvenile court's exercise of jurisdiction over the children.

deemed Father had made substantial progress in his case plan but determined return to Father at that time would still pose a substantial risk of detriment to the children. Father's visits reverted to monitored as of March 13, 2024. However, at the 18-month review hearing, on June 5, 2024, the court determined Father's progress was significant enough that the conditions that led to the children's removal from Father were no longer present. The children were thus returned to his custody.[3] The juvenile court retained jurisdiction, with the Department to provide continued supervision of the family until a judicial review hearing set for December 4, 2024.

## DISCUSSION

Father contends substantial evidence did not support the juvenile court's findings that he failed to protect the children from Mother and her male companion's violent conduct (counts a-1 and b-1) and Mother's substance abuse (count b-2). Father does not challenge the juvenile court's disposition orders removing the children from his custody and requiring him to complete programs under Department supervision. We agree with the Department that Father's appeal is moot, and we decline to exercise our discretion to reach its merits.

A.    *Father's Appeal Is Moot*

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions,

---

[3]    We take judicial notice on our own motion of the minute orders from the juvenile court proceedings on July 31, 2023, March 13, 2024, and June 5, 2024.

4

or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*D.P.*, *supra*, 14 Cal.5th at p. 276; see *In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 (*I.A.*).) "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of [the appellant], to grant him any effect[ive] relief." ' " (*D.P.*, at p. 276.) Relief is "effective" where a party complains of "ongoing harm" that is "redressable or capable of being rectified by the outcome the [party] seeks." (*Ibid.*; see *I.A.*, at p. 1490 [effective relief is that which provides "the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status"].) "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*D.P.*, at p. 276.)

Generally, an appeal of jurisdiction findings is moot where findings "have been made as to both parents but only one parent brings a challenge" and the findings against the other parent remain unchallenged. (*D.P.*, *supra*, 14 Cal.5th at p. 283; accord, *In re M.C.* (2023) 88 Cal.App.5th 137, 150-151 [" 'Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only.' "]; *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452 ["As a general rule, a single jurisdictional finding supported by substantial evidence is sufficient to support jurisdiction and render moot a challenge to the other findings."].) Such is the case here. Father challenges the juvenile court's jurisdiction findings regarding his failure to protect the children, but the separate findings regarding Mother's conduct remain unchallenged. Regardless of the outcome of Father's appeal, we would not disturb the juvenile court's

5

jurisdiction over the children.  (*In re Briana V.* (2015)
236 Cal.App.4th 297, 308 [" 'the minor is a dependent if the
actions of either parent bring [the minor] within one of the
statutory definitions of a dependent.' "].)  Nor has Father
challenged the disposition orders on appeal.

Father argues the case is nevertheless not moot because a
successful appeal would render him a "nonoffending" parent
rather than an "offending" parent.  Father contends "the ongoing
question in the children's case will be whether and when they
should be placed with Father – who has been seeking such
placement since first appearing in the juvenile court.  As a
nonoffending parent, Father would be entitled to a different level
of consideration than one who had already been determined to
have 'failed to take action to protect the children.' "

Even assuming Father is correct that he would have a
better chance at obtaining custody if he had been deemed
"nonoffending" by the juvenile court, the children have now been
returned to his custody.  Thus, "no effective relief can be granted.
[Father] has been awarded custody of [the children], and the
jurisdictional findings are not the basis of any current order that
is adverse to [him]."  (*In re N.S.* (2016) 245 Cal.App.4th 53, 61.)
Because Father "has not demonstrated a specific legal or
practical consequence that would be avoided upon reversal of the
jurisdictional findings" (*D.P.*, *supra*, 14 Cal.5th at p. 273), his
appeal is moot.

B.     *We Decline To Exercise Our Discretion To Review the Merits
       of Father's Moot Appeal*

Father argues that, even if the appeal is moot, we should
exercise our discretion to review its merits.  "A reviewing court
must decide on a case-by-case basis whether it is appropriate to

6

exercise discretionary review to reach the merits of a moot appeal." (*D.P.*, *supra*, 14 Cal.5th at p. 287.)

Among the factors reviewing courts may consider is whether a challenged jurisdiction finding could affect current or future dependency proceedings, for example, by influencing the Department's decision to file a new dependency petition or a juvenile court's determination about further reunification services or the children's placement. (*D.P.*, *supra*, 14 Cal.5th at p. 285.) Also pertinent is "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct": "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at pp. 285-286.) Courts may also consider "why the appeal became moot." (*Id.* at p. 286.) For example, "[p]rinciples of fairness" may favor discretionary review of a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

After consideration of the relevant factors, we decline to exercise our discretion to reach the merits. First, the findings of Father's "failure to protect" the children from Mother's substance abuse and her domestic violence with her male companion rank among the least stigmatizing allegations a parent could face in a dependency proceeding. In addition, although Father points out the case was rendered moot in part by Father's compliance with his case plan such that the children could be returned to him, that compliance cannot be characterized as "prompt." (*D.P.*, *supra*, 14 Cal.5th at p. 286.) It took Father a full 18 months to make enough progress in his case plan that return of the children was possible, and his visits went from being unmonitored to

monitored for a portion of that time.  Notably, Father did not challenge the propriety of his case plan on appeal.

Further, while Father asserts the challenged findings "could potentially impact the current or future dependency proceedings," his concerns are vague and speculative.  (See *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164, fn. 5 [speculative argument that jurisdiction finding might influence the Department's decision to file a new dependency petition at some point in the future deemed "too speculative to justify appellate review of an otherwise moot case"].)  The ultimate inquiry at all stages of the instant proceeding and in any future dependency proceeding is whether present circumstances show the child is at risk of harm; juvenile courts may not simply rely on past jurisdiction findings.  (See *In re D.D.* (2019) 32 Cal.App.5th 985, 996 [court may only order children removed from parent's custody on supplemental section 387 petition if court finds children's physical safety or emotional well-being are in substantial danger]; *I.A.*, *supra*, 201 Cal.App.4th at p. 1495 [deeming "speculative" the prospect that jurisdictional finding would affect future dependency proceeding because any dependency orders adverse to parent "would require evidence of present detriment, based on the then prevailing circumstances of parent and child"].)  And in any event, while the facts leading to the sustained dependency petition here would be available in future dependency proceedings, so too would the fact that Father took "positive steps to reunite" with his children and "regained custody."  (*In re N.S.*, *supra*, 245 Cal.App.4th at p. 63.)

We thus decline to exercise our discretion to reach the merits, and dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.